BERGEN COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF ALLETTA B. PEARCE, DECEASED.

Decided April 4, 1946.

Proctors for The Hackensack Trust Company, *Wurts & Plympton* (*William H. Wurts,* of counsel).

Proctors for Alletta B. Long, *Pachella & Chary* (*Dominick F. Pachella,* of counsel).

DELMAR, J.  Upon the approval by this court of the final account of The Hackensack Trust Company and Alletta B.

Long, executors of the above-named estate, commissions in the sum of $6,141.72 were allowed to them for their services. A difference having arisen between them in regard to the apportionment of the same, The Hackensack Trust Company, claiming to be entitled to more than one-half of the commissions allowed, has petitioned this court, through its proctors, for a decree apportioning the commissions and its proctors have filed affidavits for the consideration of the court.

The proctors of the other fiduciary insist that the petitioners produce witnesses to substantiate their claims, contending that the petitioners must sustain their claims by witnesses produced in open court subject to cross-examination.

Both sides have filed briefs contending that the adjudicated decisions sustain their arguments. I have examined these decisions and find that they do not fully sustain either side. I also examined the statutes and rules and found nothing therein to indicate what the proper procedure is. In addition to which my own researches have brought to light several decisions on the subject.

The practice in matters of this kind seems not to have been fully decided but, as the result of my researches, I determine that the following is the proper procedure: The matter should properly come before this court in the first instance upon affidavits. If, from an examination of the affidavits, the dispute can be equitably decided, no further proof is necessary. If this court determines that the matter cannot be equitably decided upon the affidavits alone, then the court may order oral proofs and decide the issue after receiving such proofs. The matter of procedure seems to be largely, if not entirely, within the discretion of the Orphans Court. However, upon appeal to the Prerogative Court, that court also has the right to take oral proof regardless of the determination in the Orphans Court. There is, of course, another method of proceeding and that is to make an order of reference to a master.

Cases throwing some light upon the practice are: *Pomeroy* v. *Mills, 40 N. J. Eq. 517; 4 Atl. Rep. 768,* in which, as the basis of an application for a reconsideration of an award of commissions, affidavits were submitted to the Orphans Court and testimony taken in the same matter in the Prerogative

Court; *Mount* v. *Slack,* 45 *N. J. Eq.* 129; 17 *Atl. Rep.* 297, where witnesses were heard by the Orphans Court and the evidence there taken was reviewed by the Prerogative Court; and *In re Goslee's Estate,* 132 *N. J. Eq.* 279; 28 *Atl. Rep.* (2*d*) 110, which was determined in both courts upon affidavits. The case of *Stevenson's Adm'r* v. *Phillips, Ex'r of Dehart,* 21 *N. J. L.* 70, cited by the proctors for Alletta B. Long, shows that the testimony of witnesses was heard in the Orphans Court. However, the decree of the Orphans Court was, on *certiorari,* reversed on other grounds. Other cases cited by the same proctor, *Woodruff, Ex'r* v. *Lounsberry,* 40 *N. J. Eq.* 545; 5 *Atl. Rep.* 99, and *Squier* v. *Squier,* 30 *N. J. Eq.* 627, do not throw any light upon the practice. In both cases it was indicated that proofs were taken or evidence received. This does not necessarily indicate oral testimony because, in cases where affidavits are permissible, they are accepted as proofs or evidence. See, also, to the same effect, *Andress* v. *Andress,* 46 *Id.* 528; 22 *Atl. Rep.* 124.

The statute, *R. S.* 3 :11–6; *N. J. S. A.* 3 :11–6, does not set forth how the dispute should be determined and the only rule of the Orphans Court I find having any bearing upon the subject is rule 32, *N. J. S. A. tit.* 2, which, in my opinion, does not govern the procedure in a case of this sort.